UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER QUARLES, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF CONTRA COSTA, <br><br> Defendant. | Case No. 23-cv-06636-SVK <br><br> **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, an inmate at the Contra Costa County Jail, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against the County of Contra Costa.[1] Plaintiff's application to proceed *in forma pauperis* is granted in a separate order. For the reasons explained below, the complaint is dismissed with leave to amend.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a

---

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 3.)

formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

The only allegation Plaintiff makes is that he did not receive adequate medical care when he was in custody.

A claim for a violation of a pretrial detainee's right to adequate medical care arises under the Fourteenth Amendment rather than the Eighth Amendment. *See Gordon v. County of Orange*, 888 F.3d 1118, 1122 & n.4 (9th Cir. 2018).  The claim is evaluated under an objective deliberate indifference standard.

> [T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125.  With regard to the third element, the defendant's conduct must be objectively unreasonable – "a test that will necessarily turn[] on the facts and circumstances of each particular care."  *Id.* (citations and internal quotation marks omitted).  **To state a valid claim, Plaintiff must allege facts about his medical needs and the care or lack thereof he received while he was in custody.  He must allege sufficient facts regarding his needs and care that, if true, plausibly establish each of the four elements set forth in the passage quoted above.**  He has not done so in his complaint, but he will be given an opportunity to fix this problem in an amended complaint.

In addition, **to state a valid claim against Contra Costa County, which is a municipal government, Plaintiff must allege facts plausibly showing the County had a custom or policy that caused the alleged constitutional violation**. *See City of Canton v. Harris*, 489 U.S. 378, 389 (1989). Plaintiff alleges no custom or policy that led to him receiving inadequate medical care. He must do so in an amended complaint in order for his claim against Contra Costa County to proceed.

## CONCLUSION

For the foregoing reasons,

1. The complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff shall file an amended complaint within **twenty-eight (28) days from the date this order is filed**. The amended complaint **must** include the caption and civil case number used in this order (No. C 23-6636 SVK (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue. <u>Failure to amend within the designated time and in accordance with this order may result in a Report and Recommendation to a district court judge recommending that the action be dismissed with prejudice.</u>

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion, although he may request an extension of time provided it is accompanied by a showing of good cause and it is filed on or before the deadline he wants to extend. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**SO ORDERED.**

Dated: February 5, 2024

Susan van Keulen
United States Magistrate Judge